UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANGELIA M. PEACH, )
)
    Plaintiff, )
)
v. ) Case No. 05-4012
)
CITY OF KEWANEE, MIKE RAPCZAK, )
KIP SPEAR, and TIM HACKER, in their )
official and individual capacities, )
)
    Defendants. )

## O R D E R

This matter is now before the Court on Defendants' Motion to Dismiss. For the reasons set forth below, the Motion [#19] is DENIED.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claims asserted arise pursuant to Title VII, 42 U.S.C. 2000e, 42 U.S.C. § 1983. 42 U.S.C. § 1985, and 42 U.S.C. § 1988.

### BACKGROUND[1]

Plaintiff, Angelia Peach ("Peach"), was employed by Defendant City of Kewanee (the "City") in its Public Works Department from July 1, 1999 through June 8, 2004. Defendant Mike Rapczak ("Rapczak") was the Director of Public Works for the City. Defendant Kip Spear ("Spear") was the Public Works Coordinator for the City, and Defendant Tim Hacker ("Hacker") was the City Manager. Rapczak, Spear, and Hacker all held supervisory

---

[1] Unless otherwise noted, the background is taken from allegations in Plaintiff's Complaint and presumed to be true for purposes of resolving this Motion.

positions over Peach, who was the first and only woman employed in the City's Public Works Department.

In Count I of her Complaint, she alleges that during her employment with the City, she was subjected to sexual harassment and a hostile work environment on the basis of her gender. Count II asserts a claim against the City for sex discrimination based on the City's failure to accommodate a medically documented lifting restriction due to her pregnancy. In Count III, Peach contends that the City's failure to accommodate her medically documented weight lifting restriction also constituted pregnancy discrimination. Count IV alleges that the City retaliated against her for reporting, opposing, and complaining about the sex discrimination, harassment, and pregnancy discrimination to which she was being subjected. Finally, in Count V, Peach maintains that the City, Rapczak, Spear, and Hacker violated her Fourteenth Amendment rights by denying her equal protection of the law, retaliating against her, and conspiring to discriminate against her on the basis of her gender.

Defendants have now moved to dismiss the Complaint. Peach has filed her response, and this Order follows.

## DISCUSSION

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

Defendants move to dismiss Count I of the Complaint for failure to state a claim even under federal notice pleading, failure to allege severe and pervasive conduct altering the conditions of her work environment, failure to plead every element of the claim, and the inclusion of complaints which are not sexual in nature. With all due respect, Defendants are demanding a level of specificity in the complaint that is not required under the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 8(a) does not require a claimant to set forth a detailed statement of the claim, but rather only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 103 (1957). A complaint need not plead legal theory, nor need it match facts to every element of a legal theory. Bennett v. Schmidt, 153 F.3d 516 (7th Cir. 1998); Kyle v. Morton High School, 144 F.3d 448, 455 (7th Cir. 1988). Nor must a Title VII complaint contain specific allegations establishing a prima facie case of discrimination or comply with any heightened standard over and above the requirements of Rule 8. Swierkiewicz v. Sorema, 534 U.S. 506, 510-11 (2002). The Seventh Circuit has emphasized the "limited analysis appropriate on a motion to dismiss under Rule 12(b)(6)."

Cook v. Winfrey, 141 F.3d 322 (7th Cir. 1998). General allegations of elements consistent with a claim, unsupported by factual allegations in support, are sufficient to satisfy the "minimal requirements of federal notice pleading." Id. at 328.

In her Complaint, Peach alleges that from the beginning of her employment through the date of her termination, she was subjected to conduct by male supervisors and co-workers including: open display of pornographic magazines, public reading of pornographic magazines in the workplace, workplace talk about female anatomy, as well as other sexual, vulgar, and offensive comments, offensive touching, sexual or degrading comments about Peach's anatomy, sexual or offensive gestures, attempting to spray her chest with water, removing the door to the women's restroom, and breaking the lock on the women's restroom door. She further asserts that Defendants were aware of this harassment but took no effective remedial or preventative measures to address the conduct. With all due respect, this is sufficient to place the City on notice of the claim being asserted against it and survive the Motion to Dismiss.

Defendants make a similar challenge to the claims for sex and pregnancy discrimination alleged in Counts II and III, asking that the Complaint be dismissed for failure to allege the identity of similarly situated employees or what her job duties were. Defendants argue that the failure to identify similarly situated employees means that she has not adequately alleged that she was treated less favorably than such similarly situated employees and that the failure to specifically allege her job duties negates any assertion that she was performing her job duties satisfactorily.

Again, Defendants ignore the well-established standard to be applied when reviewing complaints against a challenge of failure to state a claim in an improper attempt

to require Peach to plead a prima facie case. This is not a Motion for Summary Judgment based on a fully developed factual record. Peach has alleged that she informed Spear and the City that she was pregnant and that her physician placed her on a 25-pound weight-lifting restriction as a result of her pregnancy. Spear then informed her that the City would not accommodate her restriction and that she would have to take a leave of absence. Peach further maintains that male and non-pregnant employees with lifting or other light-duty restrictions were permitted to continue to work in a manner that accommodated their restrictions and were not forced to take a leave of absence. Additionally, the Complaint alleges that she was terminated for the stated reason of her conviction of a Class A misdemeanor, while male and non-pregnant employees convicted of similar and more serious misdemeanors and felonies were not terminated from their employment with the City. Finally, Peach asserts that the reason for the differential treatment was her gender/pregnancy.

When viewed in the light most favorable to Peach and construing all reasonable inferences in her favor, the Court cannot find that there is no set of facts consistent with the allegations of the Complaint upon which relief could be granted. Accordingly, Defendants' Motion to Dismiss must be denied with respect to the claims alleged in Counts II and III, as well.

Defendants' argument with respect to the retaliation claim in Count IV is likewise flawed, as their assertions that the claim must be dismissed for failure to allege the identity of similarly situated employees or job duties are flatly contradicted by the Supreme Court's holding in Swierkiewicz. Peach has alleged that during her employment, she reported, opposed, and complained about the discrimination and harassment to which she had been

subjected. Because of her complaints, she asserts that Defendants retaliated against her by continuing to harass and discriminate against her, failing to accommodate a medical restriction, forcing her to take a medical leave of absence, threatening her with discipline, and terminating her employment. Thus, the Court rejects Defendants' request to Dismiss Count IV.

Defendants next seek the dismissal of Count V based on the argument that Defendants' alleged actions were not taken under the color of state law as they were outside the scope of their respective job duties and did not further any City interest. Defendants further request that the City be dismissed for failure to state a claim for municipal liability under Monell v. New York City Department of Social Services, 436 U.S. 658 (1977). However, the Complaint clearly alleges that at all material times, Rapczak, Spear, and Hacker acted "under color of law and under color of their authority in their respective positions," and acted intentionally to discriminate and retaliate against her on the basis of her gender. The Complaint further maintains that Defendants had an official custom, policy, and/or practice of intentional misconduct based on gender.

While Peach's ability to factually support these conclusory assertions on a more fully developed factual record following discovery is far from clear, the challenge mounted by Defendants constitutes a factual attack that is not appropriately presented in the context of a motion to dismiss. As the Court cannot conclude that Peach can present no set of facts entitling her to relief, Defendants' Motion to Dismiss is not well taken.

Defendants next cite Waid v. Merrill Area Public School, 91 F.3d 857 (7th Cir. 1996), and Delgado v. Stegall, 367 F.3d 668 (7th Cir. 2004), for the proposition that Count V must be dismissed because the § 1983 claims against Rapczak, Spear, and Hacker are

precluded by the availability of a Title VII claim. However, in <u>Waid</u>, the Seventh Circuit actually noted just the opposite.

> [W]e have previously held that Title VII does not preempt a cause of action for intentional discrimination in violation of the Constitution. <u>Trigg v. Fort Wayne Community Schools</u>, 766 F.2d 299, 300-301 (7th Cir. 1985). In <u>Trigg</u>, we noted that the legislative history of Title VII clearly indicated that Congress did not intend to preempt claims, under the Fourteenth Amendment and § 1983, that state officials intentionally discriminated against state employees.

91 F.3d at 863. Similarly, in <u>Ratliff v. City of Milwaukee</u>, 795 F.2d 612, 624 (7th Cir. 1986), the Seventh Circuit held that a plaintiff may bring a Title VII claim and a § 1983 claim alleging violations of the Equal Protection Clause of the Fourteenth Amendment, even where the events giving rise to both causes of action were the same. This understanding was recently affirmed in <u>Randolph v. IMBS, Inc.</u>, 368 F.3d 726, 732 (7th Cir. 2004), where the Seventh Circuit held that state employees may resort to both statutes to obtain relief. *See also*, <u>Day v. Wayne County Board of Auditors</u>, 749 F.2d 1199, 1205 (6th Cir. 1984); <u>Headley v. Bacon</u>, 828 F.2d 1272 (8th Cir. 1987); <u>Johnson v. City of Fort Lauderdale</u>, 148 F.3d 1228, 1231 (11th Cir. 1998). Defendants claim to the contrary is without merit.

Finally, Defendants argue that Peach has not adequately alleged that they unlawfully conspired to discriminate and retaliate against her. The Seventh Circuit has found that when pleading civil conspiracy, it is enough "merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." <u>Hoskins v. Poelstra</u>, 320 F.3d 761, 764 (7th Cir. 2003).

In her Complaint, Peach alleges that the City, Rapczak, Spear, and Hacker intentionally discriminated against her on the basis of her gender with respect to the terms and conditions of her employment by subjecting her to sexual harassment, failing to

accommodate her medical restriction, forcing her to take a leave of absence, and terminating her employment. She contends that these same Defendants intentionally retaliated against her because she asserted her right to Equal Protection and had an official custom, policy, or practice of intentional gender discrimination/retaliation. Peach further asserts that Rapczak, Spear, and Hacker unlawfully conspired to discriminate against her on the basis of her gender and retaliate against her in order to injure her for asserting her Equal Protection rights, as well as that such actions were willful, wanton, malicious, and/or recklessly indifferent to her protected rights under the Fourteenth Amendment. Such conduct is alleged to have occurred from July 1, 1999, through her termination on June 8, 2004. This is more than sufficient to place Defendants on notice of the conspiracy that they are being charged with, and the Court finds that the conspiracy claim asserted in Count V is sufficient to survive dismissal at this stage of the litigation.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss [#19] is DENIED. This matter is referred to Magistrate Judge Gorman for further proceedings.

ENTERED this 30th day of August, 2005.

                                                                   s/ Michael M. Mihm
                                                                   Michael M. Mihm
                                                                   United States District Judge