E-FILED
Friday, 26 May, 2006  03:20:57 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Angelia M. Peach, | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Case No. 05-4012 |
| | ) | |
| City of Kewanee, Mike Rapczak, Kip Spear, and Tim Hacker, | ) ) | |
| Defendants | ) | |

**ORDER**

Now before the Court is the Plaintiff's motion (#34) to strike two of Defendants' affirmative defenses as well as "other inappropriate matters" plead in their answer to the complaint. As part of their response, Defendants move (#37) for leave to amend their answer and affirmative defenses. For the following reasons, the motions are granted in part and denied in part.

Fed.R.Civ.P. 12(f) provides in pertinent part: "Upon motion made by a party ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Striking a portion of a pleading is viewed as a drastic measure; as a result, motions to strike are viewed with disfavor. Heller Financial Inc. V. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). This disfavor, however, dissipates where striking will "remove unnecessary clutter from the case." Id. Affirmative defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact. Id. They are pleadings and are therefore subject to all pleading requirements of the Federal Rules of Civil Procedure. Id.

In the defendants' second affirmative defense, they assert that "Plaintiff's Section 1983 claims against Defendants are precluded by the availability of a Title VII action. Waid v. Merrill Area Public Sch., 91 F.3d 857 (7th Cir. 1996); Delgado v. Stegall, 367 F.3d 668 (7th Cir. 2004)."

According to Plaintiff, this Court has previously ruled that Waid held to the contrary and that the law of the case precludes assertion of this defense. However, as noted by Defendants, the Court's earlier order (Doc. #23) dealt only with individual capacity claims against the individual Defendants. Law of the case does not preclude assertion of this defense as to the claims against the District itself or as to the official capacity claims against the individual Defendants.

Plaintiff also asserts, however, that the defense is insufficient as a matter of law, because under Waid and the other cases cited in the earlier Order, § 1983 claims are precluded where there is available a Title VII claim. That is a much-too-simple articulation of the Seaclammers Doctrine. But neither is the Defendants' articulation of the principles of that Doctrine entirely accurate.

In Middlesex County Sewerage Authority v. National Sea Clammers Ass'n, 453 U.S. 1, 20-21 (1981), the Supreme Court held noted that under Maine v. Thiboutot, 448 U.S. 1, 4-8 (1980), § 1983's reach to infringements of federal statutory rights opened up the possibility that every person who had a federal statutory remedy could add relief under § 1983 to the relief authorized by the statute. That case also created the scenario that a person, injured by a statutory violation unenforceable by private damages suit, could make an end run around the lack of that remedy by filing a § 1983 suit. Thiboutot was therefore limited in Seaclammers, with the Court holding that § 1983 was not an available remedy

for violations of statutes with complete and specific remedial provisions contained therein.

In two cases, the Seventh Circuit has applied the Seaclammers Doctrine to situations relevant to this case. First, in Waid, supra, a teacher sued her employer under Title IX and various employees under § 1983 for sex discrimination. The individual defendants were not other teachers, however. They were the Director of curriculum and the principal of the school who had made a promotion decision that was at issue. These individuals were described as "officials" or "officers" of the District. Similarly, in Boulahanis v. Bd. of Regents, 198 F.3d 633, 639-40 (7th Cir. 1999), an athlete sued the educational institution and several "university officials." In both cases, the Court of Appeals held that Title IX precluded the § 1983 actions.

In Delgado, supra, the Seventh Circuit noted that it was "easy to see why Title IX might be thought to supplant § 1983 suits against the school officials responsible for the policy or practice that violates Title IX, though not all courts agree." The Court then commented that "Title IX, having been interpreted .... to provide a damages remedy, furnishes all the relief that is necessary to rectify the discriminatory policies or practices of the school itself. But it is quite otherwise in a case such as this, in which the malefactor is a teacher whose malefaction is not a policy or practice for which the school could be held liable." 367 F.3d at 675.

In this case, Plaintiff has sued the City, the Director of Public Works, the Public Works Coordinator for the City, and the City Manager for violation of the Fourteenth Amendment (Count V). To the extent that this Count is against the City, the affirmative defense is proper. As Delgado makes clear, where federal statutory remedies are

complete - as is the case with Title VII and the Pregnancy Discrimination Act (Counts I, II, III and IV), the Seaclammers Doctrine bars the § 1983 suit. So the affirmative defense is entirely proper as to such claims.

Count V also includes official capacity claims against the three individual Defendants. These claims are duplicative of the claims against the City, and to that extent the Seaclammers Doctrine is an appropriate defense.

However, Count V also includes individual capacity claims against the individual Defendants. All three are alleged to have been in supervisory positions over Plaintiff. Each of the individual Defendants is alleged, inter alia, to have "intentionally discriminated" against Plaintiff, by subjecting her to sexual harassment and a hostile work environment. Such individual claims are not barred by Seaclammers because the federal statutes do not allow actions against individual employees, only against the institutions; statutory remedies are, in other words, incomplete. Accordingly, the affirmative defense is improper as a matter of law to that extent.

As a matter of law, the official capacity claims and the claim against the City are claims for violations of federal statutes with complete remedial provisions. The second affirmative defense based on the Seaclammers Doctrine is therefore proper. However, the remedies provided under the various federal statutes do not foreclose Plaintiff's individual capacity claims against the individuals. Accordingly, the motion to strike the second affirmative defense is granted in part and denied in part.

Plaintiff also challenges the fifth affirmative defense, which asserts the provision of the Illinois Governmental and Governmental Employees Tort Immunity Act's bar on the imposition of punitive damages. 745 ILCS 10/2-102. Since all five of her claims are based

on federal law, she points out the irrelevance of this state law provision. Defendants respond with a request that they be allowed to amend this defense to include reference to City of Newport v. Facts Concerts, Inc., 453 U.S. 247 (1981), which prohibits the imposition of punitive damages against the City, either in the direct counts against it (Counts I-IV) or in the official capacity claims against the individual Defendants contained in Count V.

The motion to strike this affirmative defense is granted. Defendants are given leave to file amended affirmative defenses that are directed to federal claims, not state claims.

Finally, Plaintiff complains about Defendants' answer to paragraphs 7,8,9,11 and 37. In paragraphs 7,8 and 9, Defendants responded that they were making no answer as the allegation called for a legal conclusion. In paragraph 11, Defendants failed to completely answer the allegations. In paragraph 37, Defendants assert that they "do not know what Plaintiff means by 'color of authority.'" In response, Defendants ask for leave to file amendments to the answer to these paragraphs.

Plaintiff's motions to strike these paragraphs is granted. Defendants' request to file an amended answer to these paragraphs is also granted.

## CONCLUSION

The motion to strike (#34) is granted in part and denied in part as stated herein. The motion for leave to amend (#37) is also granted in part and denied in part as stated herein. Defendants shall file within 14 days a comprehensive amended answer with affirmative defenses, consistent with the rulings herein.

ENTER this 26th day of May 2006.

s/ John A. Gorman

JOHN A. GORMAN

UNITED STATES MAGISTRATE JUDGE