UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGELIA M. PEACH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-4012 |
| ) | |
| CITY OF KEWANEE, MIKE RAPCZAK, ) | |
| KIP SPEAR, and TIM HACKER, in their ) | |
| official and individual capacities, ) | |
| ) | |
| Defendants. ) | |

### O R D E R

This matter is now before the Court on Plaintiff's Objection to the Magistrate's Order. For the reasons set forth below, Plaintiff's Objection [#39] is DENIED.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claims asserted arise pursuant to Title VII, 42 U.S.C. 2000e, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988.

### DISCUSSION

Title 28 U.S.C. § 636(b)(1)(A) grants magistrate judges the authority to issue orders regarding pretrial matters. 28 U.S.C. § 636(b)(1)(A) (1993). A district court reviews any portion of a magistrate judge's order to which written objections have been made, and ". . . shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Plaintiff has appealed from the portion of Magistrate Judge Gorman's Order denying

her Motion to Strike Defendants' Second Affirmative Defense as incorrect as a matter of law.

Defendants' Second Affirmative Defense states: "Plaintiff's Section 1983 claims against Defendant are precluded by the availability of a Title VII action." While the Court has previously rejected this affirmative defense in denying Defendants' Motion to Dismiss Count V of Plaintiff's Complaint, the Court's ruling was intended to address only Plaintiff's claims against Defendants in their individual capacities; the Court did not understand Defendants' argument to be directed to, and therefore did not address, the application of the affirmative defense to Plaintiff's official capacity claims. Plaintiff's reliance on the Court's prior order as a rejection of the affirmative defense with respect to the official capacity claims is misplaced.

In denying Plaintiff's Motion to Strike, the Magistrate Judge found that Plaintiff's § 1983 claims against Defendants in their official capacities would be preempted by her Title VII claim against the City of Kewanee. In Waid v. Merill Area Public Schools, 91 F.3d 857, 861-62 (7th Cir. 1996), the Seventh Circuit held that Title VII does not preempt a cause of action for intentional discrimination against state officials. That being said, the Court of Appeals compared Title IX to Title VII in going on to find that a Title IX claim against the state employer itself preempted a § 1983 claim against policymaking officials in their official capacities based on the same alleged instances of discrimination as alleged against the state employer. Id., at 863.

In Delgado v. Stegall, 367 F.3d 668, 673-74 (7th Cir. 2004), the Seventh Circuit clarified that this preemption applies where the state actors could fairly be characterized as "officers" or "officials" of the state employer who are responsible for the policy or practice

at issue in the litigation. Based on this distinction between officers/managers and nonmanagerial "ordinary" employees, the plaintiff was allowed to proceed with a § 1983 claim against a teacher at the state university. Id., at 674-75.

Here, Plaintiff has brought suit against the City, its Director of Public Works, the Public Works Coordinator, and the City Manager. Official capacity claims against these Defendants, who are alleged to have had an "official custom, policy, and/or practice of intentional gender discrimination" are essentially claims against the City. As Title VII provides all the relief that is necessary to rectify any discriminatory practices or policies of the City, such claims are of the kind found to be preempted in Waid and Delgado. Accordingly, the Court concurs in the decision of the Magistrate Judge finding that the Second Affirmative Defense is entirely proper with respect to such claims.

## CONCLUSION

For the reasons set forth above, the Court does not find the relevant portion of the Magistrate Judge's Order to be clearly erroneous or contrary to law. Accordingly, Plaintiff's Objection to Magistrate's Order [#39] is DENIED. This matter is referred to Magistrate Judge Gorman for further proceedings.

ENTERED this 20th day of September, 2006.

                                                 s/ Michael M. Mihm
                                                 Michael M. Mihm
                                                 United States District Judge