UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Angelia M. Peach, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 05-4012 |
| City of Kewanee, Mike Rapczak, Kip Spear, and Tim Hacker, | ) ) ) ) |
| Defendants. | ) ) |

### ORDER

Now before the court is plaintiff's Motion to Compel (#46). As stated below, the motion to compel is granted in part and denied in part.

Along with their Response in Opposition to the Motion to Compel, defendants served plaintiff with supplemental discovery responses. Thereafter, plaintiff filed a motion asking for leave to file a Reply (#53). Because the proposed Reply clarifies which disputes are moot and which ones remain in issue, the motion for leave to file the Reply is allowed; the Clerk shall file the Reply that was attached as an exhibit to this motion.

### BACKGROUND

Plaintiff was employed by the City of Kewanee in the Public Works Department from July 1, 1999 to June 8, 2004. She was the first full-time female laborer in this Department, which now consists of approximately 24 employees. At the relevant time, the Director of that Department was Mike Rapczak and the Coordinator was Kip Spear. The City Manager was Tim Hacker; Spear is now the City Manager.

In her complaint, plaintiff claims that she was subjected to various forms of sexual harassment and discrimination, pregnancy discrimination, hostile environment and retaliation during her employment. She complained about the misconduct but alleges that nothing was done.

Then, during her pregnancy in 2004, her doctor imposed a weight restriction. Spear told her the restriction could not be accommodated and that she would have to take a leave of absence.

On June 8, 2004, Hacker told her his conclusions about her complaints of sexual harassment. On that same day, her employment was terminated. The reason given for her termination was her conviction for a Class A misdemeanor. Plaintiff claims, however, that it was in retaliation for her complaints or was part of the discriminatory treatment to which she was subjected.

This lawsuit followed. Count I is against the City for harassment and hostile work environment. Count II alleges sex discrimination against the City. Count III alleges pregnancy discrimination against the City. Count IV alleges retaliation against the City. Count V is a § 1983 claim for violation of the Equal Protection Clause of the Constitution. The instant motion arises out written discovery and responses thereto.

## DISCOVERY STANDARD

Fed.R.Civ.P. 26(b)(1) permits discovery of all unprivileged matters "relevant to the claim or defense of any party." If relevant, information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

While the scope of discovery is broad, otherwise-permitted discovery is limited by Fed.R.Civ.P. 26(b)(2). This paragraph dis-allows unreasonably cumulative or duplicative discovery, and discovery obtainable from some other source that is more convenient, less burdensome or less expensive. It also prohibits a party from seeking discovery that it has had "ample opportunity" to discover. Finally, the Rule does not permit discovery where the burden or expense of the discovery "outweighs its likely benefit," taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues, and the importance of the discovery to resolving the dispute

Fed.R.Civ.P. 33 and 34 govern interrogatories and requests for documents. Both Rules require that objections be stated with specificity and that responses be made to the extent that there is no objection.

## DISCUSSION

In response to Plaintiff's interrogatories served on February 22, 2006, defendant first interposed a blanket objection on March 24, namely that plaintiff had propounded interrogatories in excess of the number allowed by the Rules. No other objection or response was made at that time.

On April 6, however, defendant decided to withdraw this objection. In a letter to plaintiff's counsel, defendant stated that by withdrawing the objection to numerosity, they were not waiving any other objections. On May 2 and 3, defendants requested an extension of time to May 12 to answer. No response to that request was made by plaintiff's counsel. On May 10, defendant answered the interrogatories, asserting various objections to some of those questions.

Plaintiff argues that defendant waived all substantive objections by not making them with the first response.  Defendant on the other hand posits that when too many interrogatories are asked, the proper procedure is to raise that objection and that objection only, rather than deciding which ones to answer or waiving the protection afforded by the numerosity limitation in the first place.

Fed.R.Civ.P. 33 provides that "Any ground not stated in a timely objection is waived."  There is no dispute that the subsequent objections fell outside the 30 days allowed by the Rule.  But defendant states its belief that plaintiff had agreed to an extension because plaintiff voiced no opposition when defendant requested that extension.  The defendant's request for an extenstion, however, came after the deadline for voicing objections had passed, and therefore does not serve, without more, to excuse the untimely interposition of substantive objections.

However, courts are not unanimous about how this timeliness issue should be resolved when a party believes too many interrogatories have been asked.  The parties in this case have each cited District Court cases from other Districts to support their position.  One line of cases strictly applies the time limitation.  See authority cited in Autotech Techs. Ltd. P'ship v. AutomationDirect.com, Inc., 236 F.R.D.396 (N.D.Ill. 2006). The other line of cases treats the numerosity objection in a different manner, holding that a numerosity objection must be resolved before any other obligation to respond or object can be expected.  See, Allahverdi v. Regents of the Universtiy of New Mexico, 228 F.R.D. 696, 698 (D.N.M. 2005);  Herdlein Technologies, Incl, 147 F.r.D. 103, 104 (W.D.N.C. 1993).

The Court believes that the better result is the latter one: numerosity may be raised in isolation from other objections without waiving those objections. Otherwise, the responding party would have to answer and object, which in essence is contrary to the very purpose of the numerosity objection. In order to give meaningful teeth to the numeric limitation imposed by the Rule, this second line of cases defers the obligation to respond and object until that objection is resolved. This second line of cases makes sense.

Plaintiff's assertion that the numerosity objection was frivolous does not change that outcome. Assertion of the objection was not, in this case, without a good faith basis, as the 14 interrogatories contained numerous sub-parts. Although there is an argument that the sub-parts were so related to the initial question that they do not "count" as additional interrogatories, the opposite argument can also be made. This is not the case to decide the effect of a frivolous objection to the number of interrogatories.

Moreover, Fed.R.Civ.P. 33 allows the court to excuse a failure to timely object for good cause shown. Good cause has been shown here. Either because the numerosity objection should be raised first or because good cause has been shown for the failure to raise other objections, the Court concludes that defendants did not waive their substantive objections by not stating them along with the numerosity objection.

Next, a comment must be made about defendants' response that some information is better suited for deposition than interrogatory. Rule 26 disallows discovery that is obtainable from some other source that is more convenient, less burdensome or less expensive. There is therefore no basis for plaintiff's aragument that the Rules provide no authority for such an objection. Where defendants made a

"burdensome" objection in conjunction with their preference that the information be gleaned from deposition, the objection may legitimately be considered. The merits of the objection depend on individualized consideration. The objection is not rejected out of hand.

Next plaintiff complains that defendant responded with "boilerplate" objections such as overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not calculated to lead to the discovery of admissible evidence. These are all valid objections, so characterizing them as "boilerplate" does not explain why the objection was not legitimate and it does not provide the Court with a basis for ruling.

It is true that some of these objections were not fully (or even partially) explained at the time the objections were made; perhaps this is what plaintiff means by use of the word "boilerplate". But defendant now argues that each such objection (1) was made in response to a specific interrogatory (i.e. was not a "blanket" objection); (2) was accompanied by an answer to the interrogatory, in addition to stating the objection; (3) was made along with other objections that were explained; and/or (4) was later supplemented by an explanation of the basis for the objection.

Each objection must be examined separately, as it is below. None of the "boilerplate" objections are rejected in their entirety. The following are the disputes brought to the Court's attention as to specific interrogatories and/or requests for documents.

**INTERROGATORY 1**

In this interrogatory, plaintiff sought the identity of every person "contributing information to or assisting in the preparation of" the responses made by the City. The Document Request sought all documents that "relate to,

were relied upon, and/or were referred to" in answering the interrogatories. Defendant responded that the City Manager Kip Spear "directed" the inquiry. The supplemented response to the document Request was "None other than the documents Defendants already produced." This supplement appears in the defendant's Opposition to this Motion to Compel. It is not clear if the supplement has been served formally on the plaintiff's attorney; if it has not, it shall be.

Neither party has cited the Court to any authority for or against the proposition that the initial Interrogatory must include the identities of every person who contributed to completion of the responses. In light of the clarity of the question, however, the Court sees no reason why it should not be answered in a common sense manner. Plaintiff is entitled to know the identity of every person whose *substantive* knowledge contributed to the answers. That obviously need not include persons whose role was purely clerical, for example, mere copying of records. But anyone whose knowledge or professional job duties enabled them to assist the City Manager in preparing the substance of the answers to interrogatories should be identified.

## INTERROGATORY 2

Plaintiff requested the identity of everyone who participated in the decision to terminate plaintiff's employment and further requested that defendant "describe the manner and substance of each person's participation." Defendant identified the two persons who were involved in making the decision, but declined to provide the requisite description, objecting that the question was "overly broad, unduly burdensome, and more appropriate for a deposition question."

This question calls for the type of information defendant will surely accumulate in preparing its defense of this case, so it cannot be unduly burdensome or overly broad to expect defendant to have this information at its disposal. It would only be in the preparation of a written answer that burden and breadth might come into play. It is possible for defendants to provide a brief answer to this clearly-relevant inquiry. Every detail and nuance need not be included in the answer, but there should be enough factual information (identity of persons interviewed, for example, and what facts their interviews gleaned) for plaintiff to determine whether depositions are needed to flesh out the written answer.

## INTERROGATORY 3

Plaintiff asked for identification of "each and every reason" relied on in termination of plaintiff's employment and of "all facts" relied on in support of those reasons and of the source of "all facts" relied on. Defendant objected - "overly broad, unduly burdensome, and more appropriate for a deposition question" - but

7

without waiving that objection  answered that plaintiff's employment was terminated because she was convicted of a misdemeanor.

In this case, defendant has stated one and only one reason for its decision.  It has therefore answered fully that part of the inquiry.   As far as the facts on which it relied, the facts are implicit in the answer:  the conviction is, according to defendant, the fact on which it relied.  As far as the source of that fact,  defendant should reveal how and when that fact came to its attention, by identifying  the person[s] and the document[s] that were the source of the information.

With respect for the request for "each and every" reason, fact, and source, the word "reasonable" is deemed implicit in the request.  With that limitation and the ones stated above, defendant shall supplement its response.

**REQUESTS 3 AND 16**

In Request No. 3, plaintiff asked for all documents related to plaintiff and/or her employment with the City, including certain listed documents.  In No. 16, plaintiff sought all documents related to any complaint made by plaintiff.  Defendant stated a "boilerplate" listing of objections and then produced plaintiff's EEOC case file.  In supplemental production, defendant produced 11 additional documents.  Production appears complete, so the motion is moot as to these Requests.

**INTERROGATORY 4 AND REQUEST 4**

Plaintiff asked for calculation of annual earnings if she had remained employed, including overtime, and for a statement of benefits including retirement benefits for which she would have been eligible if her employment had continued.  In the Request, she sought all "official and/or unofficial documents" relating to the same topics, including projections and calculations.  Ultimately defendant produced the Collective Bargaining Agreement as its complete response to both the Interrogatory and the Request.

Plaintiff asserts that defendant is in possession of the information required to calculate her damages:  hourly rates of "comparable employees,"  approximate overtime worked by employees in the department after plaintiff's termination;  the value of benefits provided in that department and so forth.  Plaintiff provides no authority for the proposition that if this information is not already in documentary form defendant must create such a document.  The CBA
includes the baseline information and plaintiff is just as capable of making estimates and figuring out her damages based on the CBA as is defendant.

The only information that the City possesses that plaintiff cannot know on her own is how many overtime hours were worked in the Public Works Department after her termination.  Defendant shall provide plaintiff with this information.  Otherwise, the response and production is complete.

**REQUEST 7**

Plaintiff seeks all personnel documents, investigative reports, and other documents relating to warnings, discipline, and/or counseling of the individual defendants. Defendants responded that no documents exist with respect to warnings, discipline, or counseling *during the defendants' employment with the City*. To that extent, the production is complete; plaintiff cannot compel production of documents that do not exist.

But plaintiff sought the individual defendants' personnel records as well, and she sought information about discipline and the like without regard for whether it was before, during or after their employment with the City. She argues, for example, that one of the defendants resigned prior employment because of allegations of sexual and racial misconduct.

The easy answer to this dispute is that plaintiff is entitled to the defendants' personnel files, subject of course to the protective order that is already in place. If she does not find in those files documents relating to times other than when the City employed the defendants, then she must seek those documents elsewhere. The City must only produce what is in its possession and control. To the extent that the personnel files contain specific information to which defendants contend plaintiff is not entitled, defendants shall either redact the information or remove the document and shall prepare a log showing what has been removed and why.

**REQUEST 8**

Plaintiff seeks copies of the individual defendants' tax returns from 2003 to the present, on the basis of her claim for punitive damages. Defendants would have this court impose two limitations, both temporal in nature. The first limitation is the years for which production should be made. Defendants assert that only "current" financial documents are relevant. That does indeed seem to be the weight of authority. However, 2003 is not exactly ancient history. Certainly those documents might lead to information relevant to defendants' financial situation at the present.

The second temporal limitation defendants would have this court impose has to do with the date disclosure of this information should be made. Defendants assert that they need not disclose it "at this early stage of discovery." No authority is cited for this position. The authority cited by plaintiff is in the majority, and it is reasonable. Defendants shall produce their tax returns for the years requested. Once again, if redactions are made, a log shall be prepared.

**REQUESTS 6 AND 33**

In Request 6, plaintiff seeks correspondence between and among the individual defendants from 1/1/99 to the present, as well as between them and

persons who were plaintiff's union representatives at the time of her termination. No. 33 requests all personal diaries and calendars from 1/1/99 through the present. "Boilerplate" objections were stated and nothing was produced.

Plaintiff's arguments about these two requests are at best indirectly related to the requests themselves. Defendants must, of course, produce any document that is related to the plaintiff during a relevant time period. But nearly seven years of personal and professional correspondence, calendars and diaries in their entirety is not a request reasonably calculated to lead to admissible evidence. Defendants are to review their calendars and diaries for the 12 months preceding plaintiff's termination and the 12 months following her termination. Any entry within that time frame that contains reference to plaintiff, her grievance, or this litigation is deemed responsive to this Request and shall be produced (unless privileged).

**INTERROGATORY 5**

Plaintiff asks for the identity of all City employees from 1/1/99 to now. She wants to know their gender, dates of employment, title, whether there was a complaint of sexual harassment/hostile work environment /misconduct/ discrimination/ retaliation for each employee, and whether they are still employed and, if not, why not. Plaintiff's stated purpose for this discovery is to establish custom, policy or practice for the § 1983 claim against the City. She also claims it is relevant because statistical evidence is admissible in disparate treatment cases.

By prior orders, this Court has made it clear that the SeaClammers' Doctrine bars her §1983 claim against the City and the individuals in their official capacity.[1] The information sought is not relevant to her § 1983 claims against the individuals, because proof of custom, policy or practice is not an element of an individual capacity claim.

Statistical evidence is also admissible to show disparate treatment in Title VII cases. See, Guerrero v. Ashcroft, 252 F.3d 309 (7th Cir. 2001); Juhn v. Ball State Univ., 78 F.3d 330, 332 (7th Cir. 1996). In Bell v. E.P.A., 232 F.3d 546 (7th Cir. 2000), the Court made clear that, while the statistics may not be as helpful in an individual disparate treatment case as they are in a pattern an practice case, they are admissible if relevant under Fed.R.Evid. 401. See also, Kidd v. Illinois State Police, 167 F.3d 1084, 1102 (7th Cir.1999)("Statistical evidence is of more limited relevance in cases of individual disparate treatment than it is in class actions and disparate impact cases.").

If statistics might be admissible, they must be discoverable. For the plaintiff to have useful statistics, she must have some information about the

---

[1] There is pending a motion to reconsider that Order. If the Court reverses itself, then this part of this order will be reconsidered without further pleadings from the parties.

gender make-up of the City's employees.   In Kidd v. Illinois State Police, 167 F.3d 1084 (7th Cir. 1999)(rev'd on other grounds), the Court stated that to establish a pattern of discriminatory discharges, the relevant comparison was between the racial makeup of the employees who were hired and the racial makeup of the sub-group of employees who were discharged.

So for purposes of statistics, plaintiff is entitled to know how many employees the City has had from 1/1/99 to the present, how many were men and how many were women.  She is also entitled to know how many employees were fired and the gender breakdown for that figure.  If those numbers show a statistically-significant imbalance, the Court will consider whether additional information should be produced.  Until plaintiff shows that imbalance, however, the Court finds that the request is overly broad and unduly burdensome.  The remainder of the request is therefore not discoverable at this time.

## REQUEST 34

In this request, plaintiff seeks all documents prepared by or between City Council members relating to Plaintiff.  Defendant's response was that there were no documents in City Counsel agendas or minutes, and that all other documents related to plaintiff's grievance.  Defendants have now supplemented their response with all documents relating to the grievance.

In her Reply, plaintiff states that she knows production remains incomplete because the defendants have still not produced the letters that she sent to all members of the City Council, including defendants.  This is necessary, according to plaintiff, for purposes of admission at trial and as proof that defendants received the letters.

To the extent that defendants have such letters, they are to be produced, despite the apparent absurdity of requiring defendants to provide plaintiff with copies of letters that she herself sent.  In all other respects the dispute is now moot.

## INTERROGATORY 6,9,13, AND REQUESTS 9,11,24,25

In this discovery, plaintiff seeks information that she claims is discoverable in seeking information about "comparables."  The information sought is wide-ranging:  all personnel files, evaluation documents, attendance records and disciplinary records of all employees in the Public Works Department while plaintiff was employed.  She also wants to know which of them had any type of medical, mental, physical, or health related restriction.

Plaintiff is certainly entitled to information about work restrictions imposed because of any type of disability, illness, or disease.  Defendant shall disclose the identities of any person who sought and/or was granted such a restriction for the period while plaintiff was employed.  For each identified employee, the records sought shall also be produced.  Plaintiff is not entitled to personnel files of everyone in the Department.

Plaintiff also wants to know if any Department employee had criminal convictions.   Because that was the stated basis for plaintiff's termination, this information is discoverable.  Such employees shall be identified and their supporting personnel and disciplinary records shall be produced.

Plaintiff also asks whether any male employee was disciplined for misconduct toward female employees, and if so for the supporting documents about the complaint, any investigation done, and any discipline imposed or counseling offered.  Similar information is sought as to those employees in the Department about whom plaintiff complained.  Information about these employees is discoverable and shall be produced.

Other than for employees identified as above, no personnel files or other documents need be produced.  Defendants may redact information deemed inappropriate for production, preparing a log showing any such redactions.

**Request 31, Interrogatory 10**

Plaintiff seeks documents and information about any investigation concerning plaintiff and/or her complaints/charges/grievances/ about harassment, discrimination, hostile work environment, and/or retaliation.  In addition, plaintiff seeks information about any advice sought or received by any defendant before plaintiff's termination about plaintiff's complaints.   Defendants refused to answer asserting, inter alia, attorney client privilege.

Plaintiff is entitled to every single unprivileged document the defendants have that is related to the issues in this case, including reports and documents generated by any investigation that was performed.  If those documents include specific information that is covered by attorney client privilege, redactions can be made and noted as required by the Rules on a privilege log.  To the extent that privilege is claimed for any such withheld document, defendants are ordered to submit the privilege log and the documents to the Court for *in camera* review within 14 days of the date of this order.   These documents shall be accompanied by a memorandum of law setting forth the law that affords privilege to these documents.  If the Court desires a response, one will be requested at that time.

**INTERROGATORY 14**

Plaintiff asked for a listing of all material facts on which defendants intend to rely in support of their affirmative defense that plaintiff failed to mitigate damages. Defendants responded that this was overly broad, unduly burdensome and more appropriate for a deposition question.  In addition, without waiving those defenses, defendants stated that plaintiff failed to mitigate by engaging in criminal conduct and further that she failed to seek or accept other employment after her termination.

Defendant's response discloses their two theories for this affirmative defense.  If they possess any specific facts to support those theories at this time, they shall disclose those facts.  If they do not, they will be expected to develop

evidence in support of their theories during the course of discovery and to supplement this response, or in the alternative, they shall withdraw the affirmative defense no later than the close of discovery.

**REQUEST 17**

In this request plaintiff sought all documetns related to an employee of the Department who, according to plaintiff, was terminated in retaliation for supporting plaintiff's internal complaints of harassment and hostile work environment.  The City produced the termination letter, and in response to this motion state that "other documents" relating to his termination will be produced.  This Request is not mentioned in plaintiff's Reply, so the Court presumes that this dispute is resolved.

**SANCTIONS**

Defendants' incomplete response to written discovery is balanced by Plaintiff's

overreaching, so neither party is entitled to sanctions.

## CONCLUSION

The motion to compel is denied in part and granted in part as stated herein.

Nothing in this Order is to be construed as a ruling on admissibility.

ENTER this 23rd day of October 2006.

s/ Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
